MICHIGAN CENTRAL RAILROAD CO. *v.* CLASPY.

1. Carriers — Commerce — Interstate Commerce — Rates — Discrimination.
   Railroad may not accept less than rates for freight prescribed by tariff filed with interstate commerce commission, else discrimination would result, and therefore shipment reconsigned was not entitled to "through" rate.

2. Same—Evidence—Tariff Schedules.
   In action by railroad company to recover balance due for freight charges on carload of coal, tariff schedules of the several roads over which shipment passed, as filed with interstate commerce commission and duly certified by custodian thereof, were admissible in evidence.

3. Same—Directed Verdict.
   In said action, verdict was properly directed for plaintiff for amount found to be due under proper computation from tariff schedules of several roads over which shipment passed, as filed with interstate commerce commission.

Case-made from Cass; Warner (Glenn E.), J. Submitted June 4, 1929. (Docket No. 1, Calendar No. 33,970.) Decided July 8, 1929.

Assumpsit by the Michigan Central Railroad Company against B. H. Claspy for balance due for freight charges. From a directed verdict and judgment for plaintiff, defendant brings case-made. Affirmed.

*Gore & Harvey,* for plaintiff.

*Walter C. Jones* and *F. D. Roberts* (*Lewis W. James,* of counsel), for defendant.

SHARPE, J. Defendant seeks review of a judgment. entered on a directed verdict in favor of plaintiff for $99.72 by case-made. Plaintiff's action was brought to recover a balance due for freight charges on a carload of coal, shipped by the Onzer Coal Company of Chapmanville, West Virginia, consigned to Russell the Coal Man, at Elkhart, Indiana, and by him reconsigned to the defendant at Dowagiac. On its arrival there was dispute as to the rate. Defendant paid $221.81 ($3.25 per ton), and he claims this amount to be the proper charge.

The tariff rate on a carload lot shipped from Chapmanville direct to Dowagiac is $3.25 per ton, the amount paid by defendant. But this car was not shipped on a ".through" rate. Had it been, it would not have passed through Elkhart. It was shipped to that point, and reconsigned to Dowagiac. The rate to Elkhart, plus the local rates from Elkhart to Niles and from Niles to Dowagiac, is that charged by the plaintiff. The freight bill delivered to the defendant informed him that the car had been shipped by way of Elkhart, and that there was "No thru rate via Shipment traveled." Had he, under the order given, been entitled to the through rate, he should have sought relief against the party from whom he ordered the shipment. The plaintiff may not accept less than the rates prescribed by the tariff, else discrimination would result.

Defendant complains of a lack of competent proof to establish the local rates as charged. The tariff schedules of the several roads over which the shipment passed, as filed with the interstate commerce commission, and duly certified by the custodian thereof, were put in evidence. The computation of the amount due was made therefrom by an employee of plaintiff at Dowagiac.

We find no error in the admission of proof or in the action of the court in directing a verdict for plaintiff.

The judgment entered thereon is affirmed.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, MCDONALD, and POTTER, JJ., concurred.